THE HONORABLE TIMOTHY W. DORE
Chapter 11

THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>KATHERINE SWANBERG,<br><br>Debtor-in-Possession. | Case No. 11-21749<br><br>DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION |

Katherine Swanberg, the Debtor herein, proposes the following Fourth Amended Plan of Reorganization, hereinafter referred to as the Plan:

**1. CLASSIFICATION OF CLAIMS.**

The claims to be dealt with under the Plan are classified as follows:

A. Class One. Class One consists of those parties holding administrative costs and expenses as defined by 11 U.S.C. 503(b). The members must have filed for this status and their claim allowed by the Court. The known members of this class and the amount of their claims are:

1. Jeffrey B. Wells (attorney for Debtor), estimated not to exceed $25,000, owing at the time of confirmation.

2. Fees due the United States Trustee under 28 U.S.C. § 1930(a)(6).

B. Class Two. Residential Credit Solutions, Inc. is secured by a first-position deed of trust on Debtor's residence located at 13430 251st Ave SE, Issaquah, WA 98027 for

FOURTH AMENDED PLAN OF REORGANIZATION - 1

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 1 of 11

$396,000. The annual interest rate is 5.5 percent. Payments are current and are $2,676 a month. Debtor values the property at $393,000.

C. Class Three. Aurora Bank is secured by a first position deed of trust on Debtor's Prosser property located at 708 Brown Street, Prosser, WA 99350. The annual interest rate is 3.25 percent. The value of the property is $183,000 .The obligation on the loan is $124,000. Payments are current and are $765 a month.

D. Class Four. Class Four consists of Bank of America holding a second position deed of trust on Debtor's Prosser property located at 708 Brown Street, Prosser, WA 99350. The property is valued at $183,000. The loan amount is $15,200 and monthly payments are $121 and are current. The annual interest rate is 9.5 percent.

E. Class Five. Class Five consists of Bank of America, a secured creditor holding the first deed of trust on Debtor's Gig Harbor property located at 14703 – 107th St Ct, Gig Harbor, WA. Bank of America filed a proof of claim reflecting a secured claim in the amount of $213,652.62. The property is valued at $176,000. The contractual rate of interest is variable and was at 8.125 percent at the time of filing with monthly payments of $2,646.82 as of April 1, 2012.. Debtor filed an adversary action to reduce the lien to the market value on her interest in the property.

F. Class Six. Class Six consists of Bank of America, a nominally secured creditor holding the second deed of trust on Debtor's Gig Harbor property located at 14703 – 107th St Ct, Gig Harbor, WA. Approximately $25,000 is owed on the loan. Debtor filed an adversary proceeding to strip this loan off the property.

G. Class Seven. Class Seven consists of Bank of America, a secured creditor holding the first deed of trust on Debtor's Everett property located at 9607 – 24th Ave SE,

FOURTH AMENDED PLAN OF REORGANIZATION - 2

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 2 of 11

Everett, WA 98208. Class Seven filed a proof of claim reflecting a secured claim in the amount of $165,166.42 and pre-petition arrears in the amount of $1,486.96. and has a full interest in the property which is valued at $200,000 with a variable rate of interest of 2.375% at the time of filing.

H. Class Eight. Class Eight consists of Wells Fargo which holds the second deed of trust on Debtor's Everett property located at 9607 – 24th Ave SE, Everett, WA 98208. $45,244 is owed on the loan at an annual interest rate that varies with monthly contractual payments of $300 which are not current.

I. Class Nine. Class Nine consists of Banner Bank a creditor holding the third deed of trust on Debtor's Everett property located at 9607 – 24th Ave SE, Everett, WA 98208 with a loan amount of $28,500 with an annual interest rate of 7.8 percent. Monthly payments are $343. Debtor filed an adversary proceeding to strip off the third deed of trust which is anticipated to be resolved through a settlement agreement. Under the agreement, Banner Bank's lien is secured in the amount of $7,500 if paid in full by October 15, 2012 (or conversely, in the amount of $10,000 if paid in payments through the plan), with the remainder to be treated as a Class Eighteen claim.

J. Class Ten. Class Ten consists of Wells Fargo, a secured creditor holding the first deed of trust on Debtor's property located at 1316 Gregory Ave, Sunnyside, WA 98944. $275,000 is owed on the loan. The annual interest rate is 7.9 percent and monthly contractual payments are $1,795. The property is valued at $250,000. Debtor has filed an adversary proceeding to strip off Wells Fargo's lien on her interest in the property to the extent it exceeds $250,000.

FOURTH AMENDED PLAN OF REORGANIZATION - 3

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 3 of 11

K. Class Eleven. Class Eleven consists of Washington Federal, a secured creditor holding the first deed of trust on Debtor Grandview property located at 1805 W 2nd St, Grandview, WA 98930. The loan amount is $209,000 with an annual interest rate of 4.125 percent. Monthly contractual payments are $1,333. The value of the property is $209,000.

L. Class Twelve. Class Twelve consists of Chase Bank a secured creditor holding the first deed of trust on Debtor's Puyallup property located at 18721 97th Ave, Puyallup, WA 98375. The amount of the secured claim at the time of filing was $179,293.13. The annual interest rate is a variable rate with monthly contractual payments of $1,133.65 at the time of filing. The property has a value of $165,000. Debtor filed an adversary proceeding to strip off the lien to the extent it exceeds the value of the property. Creditor asserts that escrow fees were advanced post-petition in the amount of $3,920.08.

M. Class Thirteen. Class Thirteen consists of Chase Bank holding a second deed of trust on Debtor's Puyallup property located at 18721 97th Ave, Puyallup, WA 98375. The loan amount is $20,000 with a monthly payment of $201. Debtor filed an adversary proceeding to strip off this loan in total.

N. Class Fourteen. Class Fourteen consists of Escrow Pacific a secured creditor holding a first deed of trust on Debtor's property located at 344 North 13th St, Sunnyside, WA. The property is valued at $139,000. The loan amount is $165,000. Annual interest is at 7 percent and monthly payments are $1,297.50.

O. Class Fifteen. Class Fifteen consists of Escrow Pacific, a secured creditor holding the first deed of trust on Debtor's property located at 1204 Decatur, Sunnyside, WA 98944. The value of the property is $85,000. The loan amount is $84,000. The annual interest rate is 7 percent and monthly payments are $615.

FOURTH AMENDED PLAN OF REORGANIZATION - 4

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 4 of 11

P. Class Sixteen. Class Sixteen consists of the priority debt of the Internal Revenue Service in the amount of $8,277.20.

Q. Class Seventeen. Class Seventeen consists of the IRS's tax lien against Debtor's solely owned corporation, KT Swanberg, Inc., in an amount of approximately $30,000. That corporation owns a vehicle which is the subject of a court-approved purchase agreement with Katherine Swanberg for $16,389 at the federal rate of interest.

R. Class Eighteen. Class Eighteen consists of Debtor's general unsecured debt in the estimated amount of $319,300.

## 2. CLASSES NOT IMPAIRED BY THE PLAN

Classes One, Two, Three, Four, Seven, Eleven, Fourteen and Fifteen are unimpaired by the plan and will be paid pursuant to contract or according to statute.

See below for payment of Class Seven's pre-petition arrearage claim.

## 3. TREATMENT OF NON-IMPAIRED CLAIMS

All current fees due the United States Trustee under 28 U.S.C. §1930(a)(6) of the Bankruptcy Code shall be paid on or before the effective date. Ongoing post-confirmation fees due the United States Trustee shall be paid as they come due. All other claims for costs and expenses of administration allowable under 11 U.S.C. §507(a)(1) shall be paid upon the approval of such claims by the Court. Upon confirmation Debtor will make a down-payment of $5,000 for allowed administrative fees from her tax refund. The remainder of the tax refund will be retained by Debtor to make needed repairs on her rental properties. The remaining unpaid balance owed to Class One will be paid through the initial plan payments.

FOURTH AMENDED PLAN OF REORGANIZATION - 5

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 5 of 11

Debtor will continue regular payments to Classes Two, Three, Four, Seven, Eleven, Fourteen and Fifteen pursuant to contract. Nothing in this plan shall prevent Debtor from applying for and/or receiving a voluntary loan modification from her lenders in future.

## 4. TREATMENT OF IMPAIRED CLAIMS

Classes Five, Six, Nine, Ten, Twelve, and Thirteen are partially or wholly unsecured. That portion of the liens that are stripped off real property shall be treated as Class Eighteen claims. Adversary proceedings have been filed to avoid the corresponding liens from the real properties that are in fact unsecured or undersecured.

Effective August 1, 2013, Class Five, as to its claim secured by the Property shall have a secured claim in the amount of $176,000.00 to be amortized at 5.00% per annum over the remaining term of the underlying note and deed. The Maturity Date under the note and deed remains unchanged. Creditor's secured claim shall be paid in equal monthly payments of principal, interest, and an amount for escrow. The Debtor shall fund the escrow account as required under the Real Estate Settlement Procedures Act, including a required escrow cushion.

Class Six shall be treated as having a Class Eighteen claim and shall receive a pro rata share of payments paid to Class Eighteen.

Class Seven's pre-petition arrearage claim of $1,486.96 will be paid within 90 days of confirmation. Failure to cure the pre-petition arrearage claim within 90 days of confirmation shall be deemed a default under the Plan. The Class 7 claim shall continue to charge interest pursuant to the terms of the underlying contract.

Class Eight shall receive payments of $300 per month beginning the first month after the effective date of the plan until the balance owing on the deed of trust is paid in full.

FOURTH AMENDED PLAN OF REORGANIZATION - 6

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 6 of 11

Debtor will use funds from her tax refund to pay Class Nine. Class Nine shall receive $7,500 for the secured portion of its lien to be paid in full on or before October 15, 2012. Or, if Debtor is not able to pay the lien in full by that date, Class Nine will receive $10,000 through sixty monthly installments of $167 beginning the first month after the effective date of the plan. The remainder of Class Nine's claim shall be treated as a Class Eighteen claim and shall receive a pro rata share of payments paid to Class Eighteen.

Class Ten shall receive payments of $1,785 per month beginning the first month after the effective date of the plan at the present interest rate of 7.9%, which will remain fixed at this rate, until the secured portion of the deed of trust is paid in full.

Effective August 1, 2013, Class Twelve, as to its claim secured by the Property, shall have a secured claim in the amount of $165,000.00 to be amortized at a fixed interest rate of five percent per annum over the remaining term of the underlying note and deed. The Maturity Date under the note and deed remains unchanged. Creditor's secured claim shall be paid in equal monthly payments of principal, interest, and an amount for escrow. The Debtor shall fund the escrow account as required under the Real Estate Settlement Procedures Act, including a required escrow cushion. Any post-petition escrow advances made by Class Twelve shall be paid within 90 days of confirmation. Failure to cure the post-petition escrow advances within 90 days of confirmation shall be deemed a default under the Plan.

Class Thirteen shall be treated as having a class Eighteen claim and shall receive a pro rata share of payments paid to Class Eighteen.

Class Fourteen shall receive payments of $1,297 per month beginning the first month after the effective date of the plan at the present interest rate of 7%, which will remain fixed at this rate, until the secured portion of the deed of trust is paid in full.

FOURTH AMENDED PLAN OF REORGANIZATION - 7

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 7 of 11

Class Sixteen, IRS, shall be paid its priority portion of $8,277.20 in full with the applicable federal rate of interest by the end of the first month after the effective date of the plan from her tax refund.

Class Seventeen, IRS, shall receive payments of $200 monthly for its tax lien on KT Swanberg Inc. beginning the first month after the effective date of the plan until the value of the vehicle is paid in full at the federal rate of interest. These payments will be made through and by KT Swanberg Inc. as part of the Debtor's agreement to purchase its vehicle for $16,389.

Class Eighteen shall receive monthly payments of $294.82 for a period of 5 years. Payments shall commence after full payment to Classes One, Sixteen and Seventeen.

Claim holders of non-dischargeable Class Eighteen claims shall be free to pursue collection on their claims against Debtor as allowed by state law following the end of the five-year payment period to Class Eighteen. The stay as defined in 11 U.S.C. §362 shall continue in force throughout the term of the plan until its conclusion.

Nothing in the confirmed plan shall prevent Katherine Swanberg from applying for a loan modification directly with any secured lender in future.

### 5. TREATMENT OF INTEREST

Katherine Swanberg shall retain any assets not expressly distributed under the plan. Debtor has an agreement with Tracy Minick that she holds her rental properties in her name, and has the secured notes in her name but that the net equity in the property will be divided between the two of them. Tracy Minick helps Debtor in managing the rentals.

### 6. MEANS OF IMPLEMENTING THE PLAN

Debtor shall continue her employment with The Real Estate Association for Puget

FOURTH AMENDED PLAN OF REORGANIZATION - 8

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 8 of 11

Sound. Her wages, along with the community income of her husband Randall Swanberg, plus $5,000 from her tax refund shall be used to fund the plan.

## 7. ASSUMPTION OF EXECUTORY CONTRACTS AND LEASES

Debtor assumes all of her leases with tenants on her rental property.

## 8. HANDLING OF CLAIMS

The Debtor shall review all claims filed and all objections to the allowance of such claims shall be filed within sixty (60) days after the effective date of the Plan. The court will be asked to set a bar date for the filing of claims.

## 9. TERMINATION OF THE PLAN

The Plan shall terminate and otherwise cease to be of any force or effect upon satisfaction of all terms hereof.

## 10. MODIFICATION OF PLAN

The Plan proponents may propose amendments or modifications to the Plan at any time prior to confirmation. After confirmation the Debtor may, with leave of court, and so long as it does not materially or adversely affect the interest of creditors or other parties in interest, remedy any defect or omission, or reconcile any inconsistency in the Plan or in the order under 11 U.S.C. § 1129 confirming the Plan, in such manner as may be necessary to carry out the purposes, intent and effect of the Plan.

## 11. RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this Chapter 11 case pursuant to the provisions of the Bankruptcy Code, until the proceedings are closed, and, specifically shall retain jurisdiction to hear or determine the following matters:

A. To enable the Debtor to consummate any and all proceedings which may be brought prior to or subsequent to the Order of Confirmation, to avoid or set aside liens or

FOURTH AMENDED PLAN OF REORGANIZATION - 9

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 9 of 11

encumbrances, to object to claims or to the allowance thereof, to recover any preferences, transfers, assets (including accounts) or damages as entitled under the applicable provisions of the Bankruptcy Code or other federal, state or local law and to continue all related contested matters or adversary proceedings pending on the confirmation date or filed in the court thereafter.

B. To classify, allow or disallow claims and direct distribution of funds under the Plan and to adjudicate all controversies concerning the classification, treatment or allowance of any claims.

C. To enforce performance of the Plan.

D. To hear and determine all claims arising from the rejection of executory contracts, including leases, and to consummate the rejection and termination thereof.

E. To liquidate damages in connection with any disputed, contingent or unliquidated claims.

F. To recover all assets and properties of the estate wherever located

G. To hear and determine matters concerning state, local and federal taxes.

H. To hear and determine such other matters and make such orders as are necessary and appropriate to carry out the provisions of the Plan

## 12. EVENTS OF DEFAULT

Except as to Class 5, 7, and 12, in the event the Debtor defaults under the provision of the Plan as confirmed any creditor desiring to assert such a default shall provide all parties requiring notice pursuant to Section 13 of the Plan with written notice of the alleged default. The Debtor shall have thirty (30) days from receipt of the written notice in which to cure the default. Such notice shall be delivered by United States mail to the parties at the addresses set

FOURTH AMENDED PLAN OF REORGANIZATION - 10

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 11-21749-TWD    Doc 125    Filed 08/08/13    Ent. 08/08/13 13:39:51    Pg. 10 of 11

forth in Section 13. If a default is not cured, any creditor may thereafter pursue such recourse as may be legally available.

As to Class 5, 7, and 12, in the event of any future default, the default provisions under the note and deed of trust shall remain in full force and effect and control with regard to notice of the default and foreclosure proceedings.

## 13. NOTICES

Any notice required to be transmitted hereunder shall be sufficient and proper if sent by United States first class mail to the party or parties set forth below:

> To Debtor: Katherine Swanberg
> 13430 251st Ave
> Issaquah, WA 98027
>
> And to Debtor's Counsel Jeffrey B. Wells
> 500 Union Street, Ste 502
> Seattle, WA 98101

And to any party requesting notice pursuant to Bankruptcy Rule 2002(g).

## 14. DISCHARGE

Confirmation of this Plan does not discharge any debt provided for in this Plan.

## 15. MISCELLANEOUS PROVISIONS

The disbursing agent for all payments made under the Plan shall be the Debtor.

RESPECTFULLY SUBMITTED this 8th day of August, 2013.

*/s/ Katherine Swanberg*
Katherine Swanberg

FOURTH AMENDED PLAN OF REORGANIZATION - 11

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086